737 So.2d 1030 (1999)
David RICHARDSON, Appellant,
v.
JENKINS BUILDERS, INC. and Terry Jenkins, Appellees.
No. 97-CA-01546-COA.
Court of Appeals of Mississippi.
February 23, 1999.
Sean A. Milner, Clinton, Attorney for Appellant.
David Baria, Jackson, Attorney for Appellees.
BEFORE McMILLIN, P.J., KING AND SOUTHWICK, JJ.
McMILLIN, P.J., for the Court:
¶ 1. This case comes before the Court as an appeal from a decision of the Circuit Court of Hinds County sitting as an intermediate appellate court reviewing a judgment entered in the County Court of Hinds County. The county court, sitting without a jury, denied relief to David Richardson, who sought to enforce a breach of contract action against Terry Jenkins, the sole shareholder of Jenkins Builders, Inc. on the theory that Jenkins had so neglected to observe the basic legal formalities to establish and maintain his corporation that the corporate veil should be penetrated and personal liability attach to Jenkins. The county court refused to do so and the circuit court affirmed the county court's decision. This subsequent appeal to this Court ensued. We affirm the circuit court.

I.

Facts
¶ 2. David Richardson entered into an agreement with Jenkins Builders, Inc. whereby the corporation would construct and sell to Richardson a duplex property in a development known as Thousand Oaks. Properties in the development, though marketed to different individuals, were operated by a management organization as a single enterprise and all such duplexes were eligible for certain tax credits to the individual owners after construction if the improvements were rented to eligible low income tenants. Pursuant to the terms of the contract, Richardson delivered to Terry Jenkins a check payable to the corporation in the amount of $7,000 as earnest money. Jenkins deposited the *1031 money to a business account that he admitted was not a corporate account. However, he claimed that this account was simply a "clearing account," and there was evidence in the record that the $7,000 was, in fact, immediately disbursed from that account with $5,000 going to an individual who acted as an agent in pursuing Richardson's involvement in the project, and the remaining $2,000 being transferred to a Jenkins Builders corporate account.
¶ 3. For reasons that are not entirely clear, the contract was not performed. Jenkins claims that he did not construct the duplex because Richardson never followed through on his obligation to obtain private financing for the construction of the duplex. Richardson's testimony is, to an extent, contradictory. He seems to claim at one point that he understood that Jenkins was going to be responsible for obtaining the financing. At other times, he only faults Jenkins for failing to deliver evidence of title to the property needed for Richardson to apply for financing. In all events, after a period of time transpired with no activity, Richardson demanded the return of his $7,000 earnest money. That demand was not met, prompting Richardson to file this action seeking a judgment for the return of his money. The suit was commenced against both the corporation and Jenkins individually.
¶ 4. Jenkins Builders, Inc. did not file an answer to the action and a default judgment was entered against the corporation for the $7,000 earnest money together with a punitive damage award of $25,000. Richardson has, however, been unable to obtain satisfaction of this judgment beyond the seizure on writ of execution of one pickup truck titled in the corporate name which subsequently was sold at a sheriff's sale for $750.
¶ 5. For that reason, Richardson persisted in his separate claim against Jenkins individually. On this appeal, Richardson purports to raise three issues; however, having reviewed them, this Court is of the opinion that Issues One and Three in actuality involve the same question of law, i.e., whether the trial court erred in failing to pierce the corporate veil of Jenkins Builders, Inc. and finding its sole shareholder, Terry Jenkins, personally liable for the contract breach.
¶ 6. For reasons which we will proceed to set out, we decide that issue against Richardson. The effect of that is to render Richardson's other issue moot.

II.

The First Issue: Was It Error Not to Pierce the Corporate Veil?
¶ 7. In order to pierce the veil of a corporation and impose personal liability on the shareholders, the Mississippi Supreme Court has said that the plaintiff must show three things: (1) a frustration of the legitimate expectations of the plaintiff regarding the entity to whom he looked for contract performance; (2) a flagrant disregard for the corporate formalities by the principals of the corporation and; (3) some indication of fraud or equivalent malfeasance by the corporate principals. Gray v. Edgewater Landing, Inc., 541 So.2d 1044, 1047 (Miss.1989).
¶ 8. The only evidence Richardson presented in this regard dealt with the second issue. Richardson was able to demonstrate Jenkins did not possess corporate minutes and similar records that would evidence compliance with the legal formalities for operating a corporation. Jenkins countered this evidence by testifying that his corporate records had been in the hands of his attorney, that the attorney had died, and that his efforts to reclaim those records from the personal representative of the deceased attorney's estate had been unsuccessful. He also produced evidence that the corporation had maintained a corporate bank account during the critical period and that it had filed federal income tax returns for several years leading up to the time of the Richardson transaction.
*1032 ¶ 9. It weighs heavily against Richardson that he presented no evidence and makes no forceful argument as to the first and third issues. As to the first, we note that the contract, on its face, places the burden of performance on a corporation and not on an individual. There is no arguable basis to conclude that Richardson either actually believed or was justified in believing that Jenkins was personally guaranteeing the contract's performance. The payment of the earnest money itself, in the form of a check payable to the corporation, indicates quite graphically Richardson's understanding of the entity with which he was dealing. Plainly, before delivering the substantial sum of $7,000 to bind this contract, it was within Richardson's power to investigate the financial strength and prior business dealings of Jenkins Builders, Inc. and take appropriate means to safeguard against the everpresent possibility of non-performance by that corporation. That he did not is no reason to extend the corporation's liability to individuals acting on behalf of the corporation.
¶ 10. As to the third consideration, Richardson presented no evidence that Jenkins, from the beginning, was intent on obtaining Richardson's money for his own personal use with no intention of performing on the contract and that he used a shell corporation to shield himself from personal liability on the day of reckoning that was inevitably to come.
¶ 11. Thus, we find Richardson's argument that this is the proper case to grant the "extraordinary" remedy of piercing the corporate veil to impose personal liability on the corporation's shareholder to be essentially without any support on the first and third factors and, at best, extremely weak on the second. Id. at 1046.
¶ 12. In that circumstance, we cannot conclude that the refusal of the trial court to look beyond the corporation and impose liability on its sole shareholder was so against the weight of the credible evidence that we ought to step in and set aside that determination.

III.

The Second Issue: Whether the Arrangement Was a Joint Venture
¶ 13. As his second issue on appeal, Richardson claims that the trial court erred in holding the arrangement to be a joint venture rather than the more traditional contract for the sale of real property that it appeared to be on the face of the contract. We find this issue to be moot since, no matter what the nature of the contractual arrangement, it existed only between Richardson and Jenkins Builders, Inc.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, IRVING, KING, LEE, AND SOUTHWICK, JJ., CONCUR.
PAYNE, J., NOT PARTICIPATING.